1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PATRICIA BROWN, individual,

Plaintiff,

vs.

PITNEY BOWES, INC., a business
entity, and DOES 1 through 25,
inclusive,

Defendants.

CASE NO. 09-CV-0126 W (POR)

**ORDER GRANTING
PLANTIFF'S MOTION FOR
LEAVE TO FILE FIRST
AMENDED COMPLAINT
(Doc. No. 13.)**

Pending before the Court is Plaintiff Patricia Jones's motion for leave to file her First Amended Complaint ("FAC"). Defendant Pitney Bowes, Inc., opposes the motion. The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **GRANTS** Plaintiff's motion for leave to amend. (Doc. No. 13.)

## I.   BACKGROUND

Plaintiff Patricia Brown ("Plaintiff") was employed by Defendant Pitney Bowes, Inc. ("Defendant") from December 1, 1990, to December 17, 2008. (*Compl.* [Doc. No.

1] at 3–4.)  On June 14, 2007, Plaintiff was questioned in a private office by members of Defendant's human resources and corporate integrity affairs divisions in regard to an investigation of company policy violations by Plaintiff. (*Id.* at 4.)  According to the Complaint, Plaintiff was not allowed to leave the office for over two hours. (*Id.*)  Two weeks later, Defendant placed Plaintiff on disability leave. (*Id.*)  On December 17, 2007, Defendant terminated Plaintiff's employment. (*Id.*)

On December 17, 2008, Plaintiff filed suit against Defendant in San Diego Superior Court. (*Id.* at 1.)  Among other charges, Plaintiff alleged that Defendant's questioning of Plaintiff on June 14, 2007, was false imprisonment. (*Id.* at 7.)  On January 22, 2009, Defendant timely removed the suit to this Court under federal diversity jurisdiction. (*Removal* [Doc. No. 1] at 1.)

On March 19, 2009, the parties met for a Rule 26(f) Discovery Planning Conference by order of Magistrate Judge Porter. (*Def's Opp.* [Doc. No. 16] at 2.)  During that meeting, Defendant apparently informed Plaintiff that her false imprisonment cause of action was time-barred under the one-year statute of limitations in California Code of Civil Procedure § 340(c). (*Id.*)  Plaintiff's Complaint was filed approximately eighteen months after the alleged imprisonment occurred. Consequently, Defendant requested that Plaintiff stipulate to strike the false imprisonment cause of action. (*Id.*)

Two weeks later, on April 14, 2009, Plaintiff requested Defendant stipulate to a First Amended Complaint ("FAC"). (*Id.*)  Plaintiff's proposed FAC alleges new facts that Plaintiff became "immediately insane" at the time of her alleged false imprisonment. (*Pl's Proposed First Amended Compl.* [Doc. No. 13] at 4.)  Additionally, Plaintiff's insanity continued until a period of time after her termination in December 17, 2007. (*Id.*)  This insanity would potentially toll the statute of limitations on Plaintiff's false imprisonment cause of action, thereby satisfying the one-year statute of limitations. (*Id.*)

09cv0126W

1
2
3

Defendant refused to stipulate to the proposal, and Plaintiff thereafter filed the present motion for leave to file the FAC. (Doc. No. 13.)  Defendant opposes Plaintiff's motion. (Doc. No. 16.)

4
5

## II.   APPLICABLE STANDARD

6
7
8
9
10
11

Federal Rule of Civil Procedure 15(a) covers amendments before trial.  Rule 15(a)(2) provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Courts apply this rule with "extreme liberality" in favor of granting leave to amend.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

12
13
14
15
16
17
18
19
20

In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court identified the following factors for consideration in granting leave to amend: (1) "undue delay," (2) "bad faith or dilatory motive," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party," and (5) "futility of the amendment."  Id. at 182.  Of these factors, prejudice to the opposing party is given the most weight.  Eminence, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  Id. (emphasis in original).

21
22

## III.   DISCUSSION

23
24
25
26
27
28

Plaintiff contends that the purpose of her FAC is to properly plead facts for the purpose of statutory tolling on the false imprisonment claim.   (*Pl's Mot.* at 1–2.)  According to Plaintiff, her FAC is justified because "[f]ederal policy strongly favors determination if cases on their merits."  (*Id.* at 2.)  Defendant counters that Plaintiff's FAC should be rejected because it is untimely, futile, and a bad-faith attempt by Plaintiff to "further drive up litigation costs, to force a higher settlement, or simply harass

[Defendant]." (*Def's Opp.* at 3–4.)  The Court disagrees with Defendant's reasoning, and therefore finds that the presumption in favor of granting leave to amend must favor the Plaintiff.

First, Defendant argues that Plaintiff's FAC is in bad-faith because of the timing of Plaintiff's FAC. (*Id.*)  According to Defendant, Plaintiff's bad-faith warrants denial of the motion for leave. (*Id.* at 4.)  Yet, the only binding authority Defendant cites to in support of its conclusion is <u>AmerisourceBergen, Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 953 (9th Cir. 2006).

The Court fails to draw the connection between <u>AmerisourceBergen</u> and the allegations of bad-faith. <u>AmerisourceBergen</u> considered the issue of "undue delay," not bad-faith. 465 F.3d at 953–54.  Furthermore, <u>Eminence</u> requires a strong showing of bad-faith to overcome the presumption in favor of granting leave to amend.  316 F.3d at 1052.  Defendant's speculation about Plaintiff's "strategic decisions" to make the litigation more difficult provides no objective evidence of that fact, and therefore fails to make a strong showing of bad-faith. (*See Def's Opp.* at 4.)  Like the court in <u>AmerisourceBergen</u>, this Court "will not speculate whether [Plaintiff's] sudden change in tactics was gamesmanship or the result of an oversight by counsel." 465 F.3d at 954.

Defendant next argues that the facts behind Plaintiff's "insanity" have been known since the time the complaint was filed, and consequently represent untimeliness or undue delay. (*Id.* at 4–5.)  Again, Defendant cites <u>AmerisourceBergen</u> to support its analysis. (*Id.*)  While the Court agrees with Defendant that <u>AmerisourceBergen</u> applies to the undue delay issue in this case, the Court nevertheless finds the reasoning in that case unsupportive of Defendant's position.

In <u>AmerisourceBergen</u>, the court focused its analysis of undue delay on the substantial prejudice created by the amended complaint on the defendant parties.  <u>See</u> 465 F.3d at 953. As the court stated, AmerisourceBergen's proposed FAC "would have unfairly posed potentially high, additional litigation costs on Dialysist West that could have easily been avoided." <u>Id.</u>  Additionally, AmerisourceBergen's delay would have

09cv0126W

1 "unfairly" postponed Dialysist West's judgment collection. Id.

2      In the present case, Defendant alleges no prejudice or unfair treatment in the face

3 of Plaintiff's FAC.  The only harm is Plaintiff's potential gamesmanship, which, as the

4 Court has already discussed, is speculation.  Because Defendant's undue delay argument

5 points to no harm or issue of fairness, the Court finds the Defendant's showing to be less

6 than that required to overcome the presumption of leave.  Eminence, 316 F.3d at 1052;

7 see also Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) ("[W]e know of

8 no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion

9 to amend.").

10      Finally, Defendant urges the Court to reject Plaintiff's leave for futility.  (Def's

11 Opp. at 5–8.)  Defendant argues that Plaintiff's proposed FAC merely recites the legal

12 standard for insanity under Alcott Rehabilitation Hosp. v. Superior Court, 93 Cal. App.

13 4th 94, 101 (2001).  According to Defendant, Plaintiff's FAC would fail a motion to

14 dismiss for failure to state a claim, because under Bell Atlantic Corp. v. Twombly, 550

15 U.S. 544, 555–56 (2007), "a formulaic recitation of the elements of a cause of action will

16 not do."

17      The Court disagrees with Defendant's conclusion that Plaintiff's FAC merely

18 recites the elements of legal insanity.  While Plaintiff's FAC is certainly not an example

19 of thoroughness, the alleged facts themselves raise the "right to relief above the

20 speculative level." Id.  For example, Plaintiff alleges that she had to move to her father's

21 house to receive assistance and care in daily activities. (Pl's Proposed First Amended

22 Compl. at 4.)  This fact in addition to the others claimed is sufficient to be handled in

23 a more appropriate forum, such as a motion for summary judgment or trial by jury.

24 Thus, Defendant's opposition also fails to make a strong showing of futility.

25      In sum, Defendant's opposition does not make a strong enough showing of bad-

26 faith, undue delay, or futility to overcome the presumption for leave to amend.  Absent

27 any additional allegations of prejudice to the Defendant, there is no reason in the papers

28 to deny Plaintiff's motion.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file her FAC.  Plaintiff shall cause the amended complaint to be filed no later than **November 13, 2009.**

**IT IS SO ORDERED.**

DATED:  November 6, 2009

_____
Hon. Thomas J. Whelan
United States District Judge

09cv0126W